# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AYANA N. WILLIAMS,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,<br><br>                Defendant. | Case No. 12-CV-259-FHM |

## OPINION AND ORDER

Plaintiff, Ayana N. Williams, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's February 27, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John Voltz was held July 8, 2010. By decision dated July 30, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 8, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 33 years old on the alleged date of onset of disability and 35 on the date of the ALJ's denial decision. She has a high school education and formerly worked as a fast food worker. She claims to have been unable to work since August 25, 2008 as a result of depression and bipolar disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) but is limited to performing uncomplicated tasks with routine supervision. [R. 16]. Plaintiff is capable of performing her past relevant work as a fast food worker, in addition based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts the ALJ erroneously rejected the opinion of Dr. Pearce, Ph.D. the state Disability Determination Service (DDS) doctor who reviewed her medical record. Plaintiff also asserts that the RFC is not supported by substantial evidence.

### **Analysis**

The only relevant opinion about Plaintiff's ability to work was the one rendered by state Disability Determination Service (DDS) reviewing expert, Burnard Pearce, Ph.D. who based his opinion on a review of Plaintiff's records. [R. 352-354]. The ALJ discussed Dr. Pearce's opinion that Plaintiff could perform simple and some complex tasks, relate to others on a superficial work basis, and could adapt to a work situation. The ALJ stated he gave "great weight" to Dr. Pearce's opinion. [R. 20]. The ALJ restricted Plaintiff to performing uncomplicated tasks with routine supervision.

Plaintiff alleges that the ALJ erroneously rejected the opinion of Dr. Pearce because the ALJ did not include any restrictions in the RFC based upon Dr. Pearce's opinion that "claimant can relate to others on a superficial work basis." [R. 354]. However, Plaintiff does not explain how the ability to relate to others on a superficial work basis is a work related limitation. In other words, it is not clear what Plaintiff cannot do to perform the jobs identified by the ALJ because she "can relate to others on a superficial work basis." Plaintiff attempts to address this issue by arguing that the ability to respond appropriately to supervision and coworkers involve basic work activities necessary to perform most jobs. [Dkt. 16, p. 7]. Dr. Pearce found that Plaintiff was not significantly limited in these areas.

[R. 353]. The court finds that the ALJ did not reject Dr. Pearce's opinion at all and that Dr. Pearce's opinion is consistent with the ALJ's RFC findings.

Plaintiff argues that the RFC is not supported by substantial evidence. In support of this assertion, Plaintiff points to observations made by health care providers regarding her mood, affect, and speech. According to Plaintiff, these observations demonstrate she suffers from severe social functioning impairments that were not addressed by her RFC.

The ALJ's decision reflects that he considered the entire record, including the medical records containing the observations Plaintiff pointed out. [R. 17-18]. The existence of evidence contrary to the ALJ's decision does not deprive the decision of substantial support in the evidence, nor does the possibility of drawing two inconsistent conclusions from the evidence. The court may not displace the Commissioner's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court finds that the ALJ's decision is supported by substantial evidence which in the context of an appeal of a Social Security disability decision requires more than a scintilla, but less than a preponderance.

## Conclusion

The court finds that the denial decision is supported by substantial evidence and that the ALJ applied the correct legal standards. The denial decision is therefore AFFIRMED.

SO ORDERED this 18th day of July, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE